**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| COREY WILLIAMS, #259070, | ) ) ) |
| Petitioner, | ) CIVIL ACTION NO. 9:10-829-JFA-BM ) ) |
| v. | ) **REPORT AND RECOMMENDATION** ) |
| WARDEN, PERRY CORRECTIONAL INSTITUTION, | ) ) ) |
| Respondent. | ) ) ) |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on March 29, 2010.[1]

The Respondent filed a return and motion for summary judgment on July 6, 2010. As the Petitioner is proceeding pro se, a Roseboro order was filed on July 13, 2010, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner thereafter filed a response in opposition on August 5, 2010.

---

[1]Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988) [Petition received in prison mail room on March 29, 2010].

1



This matter is now before the Court for disposition.[2]

**Procedural History**

Petitioner was indicted in April 1999 in Anderson County for murder [Indictment No. 99-GS-04-808], armed robbery [Indictment No. 99-GS-04-807], possession of a firearm or knife during the commission of a violent crime [Indictment No. 99-GS-04-806] and conspiracy [Indictment No. 99-GS-04-805]. See Attachments to Petition. Petitioner was represented by Nancy J. Thomason, Esquire, and after a trial by jury on June 7-10, 1999, Petitioner was found guilty of armed robbery, possession of a firearm, and conspiracy. The jury was unable to reach a verdict on the murder charge. (R.pp. 318-319). A mistrial was subsequently declared on the murder charge after a juror indicated that she was unable to abide by her oath. (R.pp. 325-327). Petitioner was sentenced to thirty (30) years for armed robbery, five (5) years, consecutive, for conspiracy, and five (5) years, consecutive, for possession of a firearm. (R.pp. 330-331). Petitioner did not appeal these sentences or convictions.

Petitioner continued to be represented by Ms. Thomason, and on January 26, 2000, pled guilty to the murder charge and was sentenced to forty-five (45) years imprisonment.[3] Petitioner

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]Respondent's Brief initially references the plea date as being January 20, 2000, and the sentencing date as January 26, 2000. This is apparently a scrivener's error, as subsequent discussions indicate Petitioner both pled and was sentenced on the same day, January 26, 2000. The Respondent also represents that there is no transcript of the January 26, 2000 guilty plea available or in the Respondent's possession. Respondent represents that the State ordered the plea transcript on June 4, 2004 from Court Reporter Donna Brady, but that there appears to be no transcript of the proceeding due to the transcript apparently not being requested until 2004. SCACR Rule 607 allowed for the
(continued...)



again did not appeal. See Petition, p. 3.

On April 8, 2002, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. Williams v. State of South Carolina, No. 2002-CP-04-1094. Petitioner raised the following issues in his APCR:

1. Ineffective assistance of counsel.

2. Procedural Due Process of Law.

3. Denial of Right to Appeal.

4. Inconclusive records.

5. No reasonable doubt charge given nor found.

(R.p. 334).

In an attached memorandum, Petitioner asserted the following:

1. Ineffective assistance of counsel. (R.p. 342).

   A. Counsel failed to object to the violation of the indictment not being properly filed and clock stamped.

   B. Counsel failed to object to the court lack of subject matter jurisdiction due to not having complete recording of the proceedings.

   C. Counsel failed to object to no curative instruction being given on the reasonable doubt charge.

   D. Counsel did not file an appeal of those issues.

2. The courts lacked subject matter jurisdiction.

   A. Indictment was not officially filed in Anderson County Clerk of

---

[3](...continued)
destruction of the records after three years from 2000 until August 2003. On August 6, 2003, the State Supreme Court amended the retention rule from three years to five years. However, the three year period had already run for the January 2000 plea records. See (R.pp. 350-352, 392).

> Court and was not time-stamped. (R.p. 343).

> 3. Denial of appellate review right. (R.p. 344).

> 4. Procedural as well as substantive due process of law violation. (R.p. 345).

> 5. Inconclusive record of transcript. (R.p. 346).

> 6. No curative instruction on the reasonable doubt charge. (R.p. 347).

(R.p. 341-347).

Respondent represents that the State made its Return on January 7, 2004 requesting summary dismissal of the application because it was untimely under the one-year statute of limitation. S.C.CodeAnn. § 17-27-45.[4] Petitioner was represented in his APCR by Rodney Richey, Esquire, and an evidentiary hearing was held on Petitioner's application on April 21, 2005. (R.pp. 348-390). The PCR judge thereafter issued an order dated July 7, 2005, denying the petition, but concluding that Petitioner was denied his right to appeal only from the June 1999 trial and granted a belated appeal. (R.pp. 391-396). See White v. State, 208 S.E.2d 35 (S.C. 1974); Davis v. State, 342 S.E.2d 60 (S.C. 1986).

Petitioner filed a timely appeal in which he was represented by Robert M. Pachak, Assistant Appellate Defender with the South Carolina Office of Appellate Defense. Petitioner's counsel filed a brief pursuant to White v. State raising the following issue:

> Whether there was any evidence to support the PCR judge's findings that the Petitioner was entitled to a belated appeal of his trial in June of 1999?

See Petition, p. 2.

---

[4] This document is not in the record.



Petitioner's appellate counsel also filed an Anders[5] brief to obtain the requested belated review of direct appeal issues, as required by Rule 227 of the South Carolina Appellate Court Rules, and raised the following issue:

> Whether the trial court's charge on accomplice liability constituted a mandatory presumption that shifted the burden of proof.

See Petition, p. 3.

Petitioner also filed a pro se brief.[6] See Attachment to Federal Habeas Petition.

On January 16, 2007, the Supreme Court of South Carolina granted the Petition for Writ of Certiorari to proceed with a review of the direct appeal issue pursuant to Davis v. State. After a review pursuant to Anders, the South Carolina Supreme Court then granted counsel's request to be relieved and dismissed the appeal. See Williams v. State, Memorandum Opinion No. 2007-MO-002 (S.C.Sup.Ct. filed Jan. 16, 2007). The remittitur was issued on February 1, 2007.

Petitioner then filed a pro se state habeas corpus petition in the original jurisdiction of the South Carolina Supreme Court on or about December 11, 2009. On January 21, 2010, the South Carolina Supreme Court denied the petition, concluding that Petitioner had not shown that there had been a violation which, in the setting, constitutes a denial of fundamental fairness shocking to the universal sense of justice, citing Butler v. State, 397 S.E.2d 87 (S.C. 1990). See Attachments to Petition.

In his Petition for writ of habeas corpus filed in United States District Court, Petitioner

---

[5] Anders v. California, 386 U.S. 738, 744 (1967).

[6] Although counsel did not challenge the PCR court's finding that Petitioner was not entitled to a belated appeal of his 2000 guilty plea, Petitioner did address this issue in his pro se brief. See Attachment to Federal Habeas Petition, p. 2.



raises the following grounds:

    **Ground One:** Jurisdiction of Subject Matter.

    **Ground Two:** Jurisdiction of Subject Matter (issue 2).

    **Ground Three:** Prosecutorial Misconduct.

    **Ground Four:** Ineffective Assistance of Counsel.

    **Ground Five:** Miscarriage of Justice.

    **Ground Six:** Double Jeopardy.

    **Ground Seven:** Violation of Due Process and 14th, 5th, 6th Amendment rights.

    **Ground Eight:** Coercion of guilty plea.

See Petition, pp. 6-11, and attachments.

## **Discussion**

Respondent has moved for summary judgment pursuant to Rule 56 (b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the Federal Court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).



6

**I.**

Respondent contends in his motion, inter alia, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. This limitations period is part of the AEDPA,[7] and runs from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

This Petition falls under § 2244(d)(1)(A).

**II.**

Petitioner did not seek a direct appeal from his trial convictions; however, he was afforded a belated review of his direct appeal issues. Therefore, these convictions became final, for purposes of his time calculation, at the end of the ninety (90) day period he had to seek certiorari review from the United States Supreme Court. See U.S.Sup. Ct. Rule 13.3; Jimenez v. Quarterman,

---

[7]Antiterrorism and Effective Death Penalty Act of 1996.

7



129 S.Ct. 681, 683-687 (2009)[When state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, before defendant has first sought federal habeas relief, the date of finality of the conviction and the commencement of limitations period is the conclusion of out-of-time appeal, or the expiration of time for seeking review of that appeal]; see also Gildon v. Brown, 384 F.3d 883, 885 (7th Cir. 2004) (citing Clay v. United States, 537 U.S. 522, 527 (2003)).

The opinion from the belated review was issued on January 16, 2007.[8] Accordingly, the time for Petitioner to seek certiorari expired on April 16, 2007, and his conviction became final for purposes of calculating the federal time limitations for his habeas petition on that date. Therefore, Petitioner had until April 16, 2008, to file his federal habeas petition. By the time Petitioner filed his federal habeas petition on March 29, 2010, the deadline for filing had passed. Therefore, Petitioner failed to timely pursue relief for his January 1999 trial convictions. 28 U.S.C. § 2244(d)(1)(A).

### III.

With regard to Petitioner's 2000 guilty plea, Petitioner's state court conviction became final on February 7, 2000, ten (10) days after he entered his guilty plea and was sentenced.[9] See Rule 203(b)(2), SCACR. Hence, by the time Petitioner filed his APCR on April 8, 2002, his time to file a federal habeas petition had already expired, and the filing of Petitioner's APCR did not restart the federal statute of limitations. Cf. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within

---

[8] The time to seek certiorari runs from the date of the decision rather than the date of the remittitur. See U.S.Sup. Ct. Rule 13.3.

[9] Since the actual tenth day, February 5, 2000, was a Saturday, Petitioner's conviction did not become final until the following Monday.

8



one year after completion of collateral review]; Harris v. Hutchinson, 209 F.3d 325, 327-328 (4th Cir. 2000). Therefore, Petitioner failed to timely pursue federal habeas relief for his January 2000 conviction.[10]

### IV.

Finally, while Petitioner argues that his claim regarding lack of subject matter jurisdiction can be raised at any time [with respect to both his 1999 trial and 2000 guilty plea], his ability to challenge the state court's subject matter jurisdiction "at any time" should "actually be phrased 'at any time he is in state court'". Thompson v. Perry, No 06-3429, 2007 WL 2579570 at *4 (D.S.C. Sept. 4, 2007)["[I]t is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists."]; Dew v. Pancake, No. 07-37, 2007 WL 4302429 at *4 (W.D.Ky. Dec. 7, 2007)["This court does not review determinations of state law [regarding a subject matter jurisdiction challenge] made by South Carolina courts"]. Therefore, this argument is without merit.

### **Conclusion**

Based on the foregoing, Petitioner has failed to timely file this federal petition, and he is therefore barred from seeking federal habeas relief. Artuz v. Bennett, supra; Pearson v. North Carolina, 130 F.Supp.2d 742 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999). Accordingly, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

---

[10]Petitioner's state habeas petition primarily deals with his guilty plea, not his trial convictions. In any event, this filing would not have tolled Petitioner's limitations period for his trial convictions or his guilty plea, as it was not filed until over a year after those convictions became final.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

November 5, 2010

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

