UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Corey Williams, | ) | C/A No. 9:10-829-JFA-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Warden, Perry Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Corey Williams, is an inmate with the South Carolina Department of Corrections. He brings this action pursuant to 28 U.S.C. § 2254 challenging his state court convictions for murder, armed robbery, conspiracy, and possession of a firearm.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the respondent's motion for summary judgment[2] should be granted because the petition is untimely. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

1

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on November 5, 2010. The petitioner filed timely objections to the Report. Thus, this matter is ripe for review.

*Procedural History*

The Report recites the factual and procedural background giving rise to this action. Briefly, the petitioner went to trial on June 7, 1999 for charges of murder,. Because the jury was unable to reach a verdict on the murder charge, a mistrial was declared. Petitioner was sentenced to 40 years on the other charges of armed robbery, possession of a firearm, and conspiracy. He did not file a direct appeal of these convictions.

On January 26, 2000, petitioner pled guilty to the murder charge and was sentenced to 45 years imprisonment. Petitioner did not appeal this sentence either.

Two years later, on April 8, 2002, petitioner filed an application for Post Conviction Relief (PCR) raising various claims of ineffective assistance, violation of due process rights, errors in the jury charge and records, and denial of the right to appeal.

The PCR court denied the petition on July 7, 2005, but concluded that petitioner had been denied his right to appeal from his convictions at his June 1999 trial and thus was granted a belated appeal. The Supreme Court granted his petition for writ of certiorari on January 16, 2007, allowing petitioner to proceed with a review of the direct appeal issue pursuant to *Davis v. State*, 288 S.C. 290 (1986). The South Carolina Supreme Court dismissed the appeal after a review pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967).

Petitioner then filed a *pro se* state habeas corpus petition on or about December 11,

2009 which the Supreme Court denied on January 21, 2010.

The Magistrate Judge concurs with the respondent's contention that the petitioner's claim is barred because it was not timely filed under the one-year statute of limitations created by the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 (AEDPA).  In addition, the Magistrate finds no showing by the petitioner that would entitle him to equitable tolling.  The AEDPA provides a one-year statute of limitations period on the filing of a § 2254 action.  Subsection (d) of the statute reads:

> (D)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) The date on which the constitutional right was asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

3

The Magistrate Judge notes that the opinion from petitioner's belated review on appeal (on his 1999 conviction) was issued on January 16, 2007, thus his time to seek certiorari expired on April 16, 2007, which is also the date his conviction became final for purposes of calculating the one-year federal time limitations for his habeas petition. Therefore, petitioner had until April 16, 2008 to file his federal habeas petition. The present petition was filed on March 26, 2010, almost two years after the deadline for filing had passed. It is clearly untimely.

As to the petitioner's guilty plea to the murder charge on January 26, 2000, his conviction became final on February 7, 2000. When he filed his PCR on April 8, 2002 for the murder conviction, his time to file a federal habeas petition had already expired.

The petitioner also argues that the State lacked subject matter jurisdiction to sentence him to an aggregate sentence of 45 years after a mistrial was declared at his June 1999 trial. This issue was not raised at trial, on direct appeal or in his PCR Appeal. It appears this issue was first raised in petitioner's December 11, 2009, *pro se* habeas corpus petition before the South Carolina Supreme Court, which that Court ultimately denied on January 21, 2010. Issues of subject matter jurisdiction are purely matters of state law and not appropriate for federal habeas corpus. *Milton v. Wainwright*, 407 U.S. 371, 377 (1972); *Pulley v. Harris*, 465 U.S. 37, 41 (1989).

Since a state defines the subject matter jurisdiction of its courts, a challenge on the basis of lack of subject matter jurisdiction is a quintessential question of state law. Thus, the frequently quoted maxim that a criminal defendant can raise the issue of lack of subject matter jurisdiction at any time should actually be phrased "at any time he is in state court."

4

In other words, it is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists. This court does not review determinations of state law made by South Carolina courts. *See Pulley v. Harris*, 465 U.S. 37 (1984) ("[A] federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law.").

In his objections to the Report and Recommendation, petitioner argues that because he was acquitted on the murder charge, his subsequent guilty plea to that charge raises Double Jeopardy concerns. However, the petitioner was not acquitted—a mistrial was declared which is the equivalent of no trial and leaves the cause pending in the circuit court. *State v. Smith*, 336 S.C. 39 (Ct.App. 1999). This objection is without merit.

Petitioner does not provide any specific objections to the untimeliness of his petition; he merely argues jurisdictional issues. As such, all objections are overruled.

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference.

Accordingly, the respondent's motion for summary judgment is granted and this action is dismissed with prejudice.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*,

5

529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right." For this reason, and for those stated herein, the petitioner's motion for a certificate of appealability is denied.[3]

    IT IS SO ORDERED.

March 2, 2011  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[3] On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. See Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255.